Upson, J.
The petition filed by the plaintiffs in the court of common pleas, after stating the partition proceedings, and the execution and delivery of the sheriff’s deed to the defendant William Jones, alleges that, “by mistake and the inadvertence of the draftsman of said deed,” the entire tract of land was included in the description of the premises conveyed, “ instead of excepting therefrom, and omitting, the thirty-eight and forty-five hundredths acres which had been assigned by metes and bounds to the said Lavina Kelly as and for her dower, and omitted from the appraisement made by the commissioners aforesaid.” The defendants in their answer deny that the sheriff’s deed embraced and conveyed that part of the land assigned to Lavina Kelly as her dower estate, “ through any mistake or inadvertence of the draftsman ” of the deed, which they aver was made in pursuance of, and in conformity with, the proceedings, orders and deci-ees of the court of common pleas! The bill of exceptions shows that no testimony was offered in the district court except the record of the proceedings in partition and the sheriff’s deed. These proceedings were under the “Act to provide for the partition of real estate (S. & C. 893) and are governed by that act.
Did the district court err in finding the issues thus made, in favor of the defendants ?
The object of the statutes providing for the partition of real estate, is to enable each owner to possess and control his own share of the estate, and for that purpose to have the estate divided among the several owners where that can be done without manifest injury. In case that cannot be done, the statute provides for the appraisal of the estate, and its sale at public auction, unless one or more of the parties elect to take it at its appraised value.
If any widow is entitled to dower in the estate, it may be set off in such manner as to be contained in the share or shares aparted to one or more, of the proprietors of the estate, or the *98 commissioners may, if deemed for the interest of all parties concerned, make partition of the residue of the estate after having set off such dower, leaving such estate of dower to be partitioned after the same should cease and determine.
In their petition for partition, William Jones and Mary Ann Joues demanded partition of the premises, described in the petition that their interest might be set off to them in severalty; and that the dower of Lavina Kelly might be assigned, or if it appeared that partition of said lands could not be made without manifest injury to the same, then, that the premises might be sold, or other proper order be taken for the same pursuant to the statute.
The court of common pleas, upon hearing the petition, ordered that “ one full equal one third- part of the lands in said petition described be assigned and set off to the said Lavina Kelly as her dower estate,” and that “ partition be made of said lands subject to said dower estate in the following proportions, to wit,” &o.
In pursuance of this order a writ o'f partition was issued to the sheriff, commanding him to cause Lavina Kelly to be endowed of one third of the real estate, and “ partition to be made of the same lands, subject to said dower estate,” in the proportions stated in the order.
In accordance with the provisions of the statute, it was the duty of the commissioners, after setting off the dower estate, to partition the entire tract of land, including that part assigned as dower, unless they were of opinion that the estate could not be divided according to the demand of the writ without manifest injury to the value thereof, in which case they are required to make and return to the court a just valuation of the estate, unless they deemed it for the interest of all parties concerned to make partition of the residue of the estate, after having set off the dower, leaving the part assigned as dower to be partitioned after the determination of the widow’s life estate, and if they did not make partition of the entire estate, their reason for not doing so should be stated in their report.
The commissioners in their report set off to Lavina Kelly *99 as her dower estate, a part of the tract by metes and bounds, and then say, “and being of opinion that partition of the balance cannot be made without manifest injury thereto, do estimate the value thereof in money at $4,625.75,” but did not make partition of the residue of the estate after having set off the dower. It is insisted by the plaintiffs in error that the word “ balance,” used in the report, means the residue of the estate exclusive of that part assigned as dower, and that it is incapable of any other meaning.
It is obvious, however, that it may equally refer to the estate of the parties in the whole property, including that part covered by the dower estate; and in the absence of all evidence to the contrary, it must be presumed that the word was used in the sense which implies that the commissioners did not neglect their duty.
As before stated it was their duty to partition the entire estate, if it could be done without manifest injury, and a report that the estate could not be partitioned, exclusive of the part set off to the widow, would not show that it could not be partitioned including that part.
It is then to be presumed that the “ balance ” of which, in the opinion of the commissioners, partition could not be made without manifest injury, and which they therefore appraised, was the whole of the land described in the petition, subject to the dower estate.
This presumption is aided by the fact that the residue of the land, exclusive of the dower estate, is by the partition divided into two unequal parts, separated from each other by the dower estate, and that no separate appraisal thereof was made; and also by the fact that the sheriff’s deed was placed on record within a month after the report of the commissioners was filed, when any doubt as to the meaning of the language used in the report could easily have been removed, and any mistake corrected, either in the report or the order of the court confirming it, by calling upon the commissioners to testify whether in their appraisal of the estate they did, or did not, include the part covered by the dower estate.
*100 Upon the whole evidence we are satisfied that there was no error in the judgment of the district court.

Judgment affirmed.